Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

FILED
2017 NOV -1 P 1:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

Tiffiney Brittingham
_____
Plaintiff
(Write your full name. No more than one plaintiff may be named in a pro se complaint.)

-v-

Comcast, inc., Ronald Wilson
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☒ Yes ☐ No

4:17-cv-01838-VEH

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.  The Parties to This Complaint

   A.  The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Tiffiney Brittingham
   Street Address: 4005 Meadow Circle
   City and County: Moody
   State and Zip Code: AL 35004
   Telephone Number: 205 837 3727
   E-mail Address: tiffiney2478@yahoo.com

☑ Check here to receive electronic notice through the email listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rules of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed or saved.

11/1/17
Date

_[signature]_
Participant Signature

B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Comcast
- Job or Title *(if known)*:
- Street Address: 2047 Max Luther Dr. NW
- City and County: Huntsville
- State and Zip Code: AL 35810
- Telephone Number: 256-859-7800
- E-mail Address *(if known)*:

Defendant No. 2
- Name: Ronald Wilson
- Job or Title *(if known)*: Manager
- Street Address: 2047 Max Luther Dr. NW
- City and County: Huntsville
- State and Zip Code: AL 35210
- Telephone Number: 865-300-4226
- E-mail Address *(if known)*:

Defendant No. 3
- Name: Comcast c/o Corey Goerdt (Corporate Address)
- Job or Title *(if known)*:
- Street Address: 1075 Peachtree St. NE Suite 3500
- City and County: Atlanta
- State and Zip Code: GA 30309
- Telephone Number:
- E-mail Address *(if known)*: Fisher & Phillips, LLP

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

Defendant No. 4
    Name   _____
    Job or Title *(if known)*   _____
    Street Address   _____
    City and County   _____
    State and Zip Code   _____
    Telephone Number   _____
    E-mail Address *(if known)*   _____

**C.**   **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

    Name   Comcast / Xfinity
    Street Address   1451 Dr. Edward Hillard Dr. #100
    City and County   Tuscaloosa, Tuscaloosa County
    State and Zip Code   AL 35401
    Telephone Number   205-344-8031

**II.**   **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

    *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

    *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

    *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Other federal law *(specify the federal law)*:

Alabama

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☐ Termination of my employment.
☐ Failure to promote me.
☐ Failure to accommodate my disability.
☐ Unequal terms and conditions of my employment.
☐ Retaliation.
☑ Other acts *(specify)*: Sexual Harassment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

Nov. 8th, Nov 9th (2016) Dec. 2016, Jan 2017

C. I believe that defendant(s) *(check one)*:

☐ is/are still committing these acts against me.
☑ is/are not still committing these acts against me.

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☒ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

_____

E. The facts of my case are as follows. Attach additional pages if needed.

*Complaint attached*

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

*Feb 1, 2017*

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☒ issued a Notice of Right to Sue letter, which I received on *(date)* *8/11/17*.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- [x] 60 days or more have elapsed.
- [ ] less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached: punitive, emotional distress, and damages

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/1/17

Signature of Plaintiff: *[signed]*

Printed Name of Plaintiff: Tiffiney Brittingham

B. **For Attorneys**

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

# IN THE NORTHERN DISTRICT COURT OF ALABAMA

CASE NO:

| TIFFINEY T. BRITTINGHAM, |
| --- |
| Plaintiff, |
| Vs. |
| Comcast, Inc and Ronald Wilson, |
| Defendant |

## COMPLAINT

TO: Norther District Court  
1819 Cogswell Avenue  
Pell City, AL 35203

Comcast and Ronald Wilson  
2047 Max Luther Dr. NW  
Huntsville, AL 35810

PLEASE TAKE NOTICE that the Plaintiff Tiffiney Taylor Brittingham Gary (PRO SE) is filing the attached civil complaint under This is a suit for relief from Sexual Harassment and retaliation instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.* The jurisdiction of this Court is based on 28 U.S.C. §§ 1331 and 1367(A).

This the 1st day of November, 2017

Respectfully submitted.

_____  
Tiffiney Brittingham (PRO SE)  
4005 Meadows Circle  
Moody, AL 35004  
(205) 837-3727

Northern District Court of Alabama.
Civil Division
Tiffiney Brittingham., Plaintiff,
v.
Comcast, Inc., Defendant.
Ron Wilson (in official capacity) Defendant
November 1, 2017.
Case No._____

**Complaint**

### I. JURISDICTION

1. This is a suit for relief from Sexual Harassment and retaliation instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.* The jurisdiction of this Court is based on 28 U.S.C. §§ 1331 and 1367(A).

2. Plaintiff Tiffiney Brittingham ("Plaintiff") timely filed a Sexual Harassment charge against defendant Comcast Inc., et al. ("Defendant") with the Equal Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff further filed this suit within allotted time of receipt of her right-to-sue letter issued from the EEOC.

### II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4. Defendant is a limited liability corporation doing business in Jefferson County, Alabama and was at all times relevant to this complaint an employer as contemplated under Title VII.

5. Defendant is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

### III. STATEMENT OF FACTS

6. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-5 above.

7. Defendant Ron Wilson servers as manager for Comcast

8. Plaintiff is a former Manager Female employee.

9. Plaintiff was hired September 2016 by Ron Wilson

10. During Plaintiffs employment, Defendant Ron Wilson continually subjected Plaintiff to harassment in a sexual manner both physically and orally on numerous occasions.

11. During the time when plaintiff first started the job Mr. Wilson would ask personal dating questions.

12. How long have you been married? Have you considered cheating? Did you marry your educational/financial equal? What kind of man is your type? Where would you like to retire?

13. Plaintiff felt uncomfortable and pressured into answering.

14. Plaintiff told Mr. Wilson in one conversations that I would like to purchase a beach house in Florida and retire there. Mr. Wilson planned a store visit in Jacksonville, Fl. Where he and plaintiff would be alone. The information obtained from the trip could have been learned from video chat. Mr. Wilson plan the meeting to ensure that he and Plaintiff were alone

15. On one Occasion Mr. Wilson came out of the rest room and proceed to touch the rear of plaintiff and suggested he would have sex with plaintiff if she was not married, Mr. Wilson then proceeded to sit down on the stool and pull Plaintiff in between his legs and said "I'm going to be your 3rd husband and the pulled plaintiff in to kiss him.

16. On repeated occasions, Defendant Ron Wilson would approach Plaintiff from behind and physically grab Plaintiff's breasts, genitalia, and buttocks.

17. During Brittingham employment, Defendant Wilson inquired on repeated occasions as to physical characteristics of Plaintiff's.

18. Defendant Wilson continually subjected Plaintiff to sexually degrading remarks regarding Defendant's sexual activities while thinking about Plaintiff.

19. Defendant Wilson continually propositioned Plaintiff for sexual favors during her employment, until she complied which she felt necessary to keep her employment at Comcast, although Plaintiff repeatedly and emphatically rejected such propositions in the past.

20. During Plaintiffs employment, Plaintiff was alone in the car when Defendant Mr. Wilson asked if Plaintiff would like to go home with him. She said no, He responded lets go back to my house and have awkward sex.

21. November 8, 2016 while on a company retreat after noticing plaintiff consuming several drinks, Mr. Wilson was again asking personal questions about Plaintiff marriage and personal life. He then asked if Plaintiff would marry him. Plaintiff responded no. Wilson then prodded plaintiff about considering a sexual relationship. Mr. Wilson the insistent on preforming Oral sex on plaintiff while at the beach, fearful of the repercussion, the plaintiff complied with Wilsons demands.

22. November 8, 2016, after returning to hotel from the beach Mr. Wilson insisted plaintiff return to his room where Mr. Wilson demanded to perform oral sex again and also demanded vaginal penetration, fearful the plaintiff complied.

23. November 9, 2016, Mr. Wilson texted Plaintiff stating he was looking for her. Plaintiff would not go to Wilson room since she already felt violated from sexual assault that happened in Mr. Wilson's room and on the beach on November 8th, even with a deep sense of fear of losing her job. After several hours of plaintiff not wanting to go to his room, Mr. Wilson came to the Plaintiff's room; Mr. Wilson grabbed plaintiff's leg and performed oral sex on her, He then stood over plaintiff and demanded she perform oral sex on him.

24. November 10, 2016, in the airport waiting on departure. Wilson informed Plaintiff not to tell anyone. And explained he had been in trouble before because if sexual harassment, and that the lady in that situation was fired, implying the same may happen to plaintiff.

25. During the November 10, 2016 conversation Plaintiff asked Wilson that he allow me to work my way out of that location within one year; Plaintiff applied for positions in Atlanta area in December and January 2017 to get away from Mr. Wilson early.

26. Mr. Wilson took several steps to make sure that plaintiff did not tell, including limiting who she would be able to hire. January 11, 2017 while on team training in Huntsville, Mr. Wilson called plaintiff insisted phone sex; plaintiff fearfully complied; January 12, 2017, Mr. Wilson called plaintiff insisting phone sex; plaintiff refused and hung up the phone.

27. On or about February 1, 2017, Comcast HR notified of sexual harassment and plaintiff filed a charge of Harassment against Defendant under Title VII with the EEOC, alleging sexual harassment and retaliation as set forth above.

## IV. CAUSES OF ACTION
## COUNT 2
## TITLE VII

28. Paragraphs 1-27 above are incorporated by reference.

29. Defendant violated Plaintiff's rights under Title VII by (a) subjecting her to sexual and retaliatory harassment, which constituted a hostile environment and/or culminated in an adverse employment action (A) terminating her employment in retaliation out of fear of reporting sexual harassment to which she was subjected and/or filing a Title VII-based charge of discrimination against it with EEOC.

30. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress.

## COUNT 2
### INVASION OF PRIVACY

16. Plaintiff adopts the allegations of paragraphs 1 - 15 as if they were written herein in their entirety.

17. Defendant Wilson intruded upon Plaintiff's physical and mental solitude and seclusion. Plaintiff repeatedly informed Defendant Wilson that his sexual comments and advances were not welcomed by him.

18. Defendant Wilson continually subjected Plaintiff to sexual harassment on repeated occasions, as described in paragraphs 10-23 herein.

19. The wrongful intrusions and invasion of Plaintiff's privacy as described herein caused and will cause in the future Plaintiff to suffer unwarranted mental suffering, shame, humiliation, and to lose her job, resulting in loss of earnings in the past and in the future.

20. At all times pertinent to the wrongs complained of herein Defendant Wilson was acting within the line and scope of his employment with the defendant, Comcast, Inc. Rendering said defendant vicariously liable for the actions of Defendant Wilson.

21. Defendant, Comcast, Inc., either: (i) knew or should have known of the unfitness of its employee / agent Wilson and yet employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights of the plaintiff; or (ii) authorized the wrongful conduct of said agent set forth herein; or (iii) ratified the wrongful conduct of said agent as set forth herein.

22. The wrongful conduct of the defendants combined and concurred, and was the proximate cause of the injuries and damages suffered by the plaintiff, as set forth above in paragraph 10-23.

WHEREFORE, Plaintiff Tiffiney Brittingham demands judgment against Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury in excess of the minimum jurisdictional amount of this court, together with interest from the date of injury and costs of this proceeding.

## COUNT 3
### OUTRAGE

23. Plaintiff adopts the allegations of paragraphs 10-23 as if they were written herein in their entirety.

24. The conduct of Defendant Wilson, as set forth herein, was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in civilized society.

25. The conduct of Defendant Ron Wilson intentionally and recklessly caused severe emotional distress upon Plaintiff, Tiffiney Brittingham.

26. Defendant Wilson continually subjected Plaintiff to harassing remarks and physical violations that caused her severe emotional distress.

27. The distress was so severe that no reasonable person should be expected to endure this severe distress.

28. At all times pertinent to the wrongs complained of herein Defendant Wilson was acting within the line and scope of his employment with the defendant Comcast, Inc., rendering said defendant vicariously liable for the actions of Defendant Wilson.

29. Defendant, Comcast, Inc., either: (i) knew or should have known of the unfitness of its employee / agent Wilson and yet employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights of the plaintiff; or (ii) authorized the wrongful conduct of said agent set forth herein; or (iii) ratified the wrongful conduct of said agent as set forth herein.

30. The wrongful conduct of the defendants combined and concurred, and was the proximate cause of the injuries and damages suffered by the plaintiff, as set forth below:

a. Plaintiff was caused and will be caused in the future to suffer unwarranted mental suffering, shame, humiliation, and to lose her job, resulting in loss of earnings in the past and in the future.

**WHEREFORE**, Plaintiff Tiffiney Brittingham demands judgment against Defendants jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury in excess of the minimum jurisdictional amount of this court, together with interest from the date of injury and costs of this proceeding.

## COUNT 4
## ASSAULT AND BATTERY

31. Plaintiff adopts the allegations of paragraphs 10-23 as if they were written herein in their entirety.

32. Defendant Wilson intentionally grabbed Plaintiff's butt without the permission or consent of the plaintiff. This touching was conducted in a harmful and offensive manner.

33. Defendant Wilson intentionally forced himself on Plaintiff's without the permission or consent of the plaintiff and performed oral sex. This touching was conducted in a harmful and offensive manner 33. At all times pertinent to the wrongs complained of herein Defendant Wilson was acting within the line and scope of his employment with the defendant, Comcast, Inc., rendering said defendant vicariously liable for the actions of Defendant Wilson

34. Defendant, Comcast, Inc., either: (i) knew or should have known of the unfitness of its employee / agent Wilson and yet employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights of the plaintiff; or (ii) authorized the wrongful conduct of said agent set forth herein; or (iii) ratified the wrongful conduct of said agent as set forth herein.

35. The wrongful conduct of the defendants combined and concurred, and was the proximate cause of the injuries and damages suffered by the plaintiff, as set forth below:

a. Plaintiff was caused and will be caused in the future to suffer unwarranted mental suffering, shame, humiliation, and to lose her job, resulting in loss of earnings in the past and in the future.

**WHEREFORE**, Plaintiff Tiffiney Brittingham demands judgment against Defendants jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury in excess of the minimum jurisdictional amount of this court, together with interest from the date of injury and costs of this proceeding.

## COUNT 5
### NEGLIGENT FAILURE TO SUPERVISE AND TRAIN

36. Plaintiff adopts the allegations of paragraphs 10-23 as if they were written herein in their entirety.

37. Defendant Comcast, Inc. negligently or wantonly hired and/or supervised their agents, including Defendant Ron Wilson. Defendants either: (1) knew or should have known of the unfitness of its agent, Ron Wilson, and yet employed him and continued to employ him, or used his services without proper instruction with a disregard of the rights of the plaintiff; or (2) authorized the wrongful conduct of said agent set forth herein; or (3) ratified the wrongful conduct of the agent as set forth herein; and said wrongful acts of said agent were calculated to and did benefit the defendants.

38. As a proximate result of the negligence and/or wantonness of Defendants, as set out above, the plaintiff has been damaged as follows:

a. Plaintiff was caused to suffer and will be caused in the future to suffer unwarranted mental suffering, shame, humiliation, and to lose her job, resulting in loss of earnings in the past and in the future

**WHEREFORE**, Plaintiff Tiffiney Brittingham demands judgment against Defendants jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury in excess of the minimum jurisdictional amount of this court, together with interest from the date of injury and costs of this proceeding.

**WHEREFORE,** these premises considered, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by re-employing Plaintiff and placing them in the position he would have occupied in the absence of Defendant's violation of Plaintiff's rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## JURY DEMAND

Plaintiff requests trial by struck jury.

This 1st day of November, 2017

Tiffiney Brittingham (PRO SE)
4005 Meadow Circle
Moody, AL 35004
(205) 837-3727

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon the Defendants a copy of this Amended Complaint and additional statements by depositing same in the United States Mail, with adequate postage thereon, addressed as follows

> Comcast Cable Communication Management, LLC
> c/o Corey Goerdt, Esq.
> Fisher & Phillips, LLP
> 1075 Peachtree Street NE
> Suite 3500
> Atlanta, Georgia 30309

This 1st day of November, 2017

_____
Tiffiney Brittingham (PRO SE)
4005 Meadow Circle
Moody, AL 35004
(205) 837-3727

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon the Defendants a copy of this Amended Complaint and additional statements by depositing same in the United States Mail, with adequate postage thereon, addressed as follows

        Comcast. Inc. d.b.a. Xfinity  
        2047 Max Luther Dr. NW  
        Huntsville, Alabama 35810

        Ronald Wilson  
        2047 Max Luther Dr. NW  
        Huntsville, Alabama 35810

This 1st day of November, 2017

        Tiffhey Brittingham (PRO SE)  
        4005 Meadow Circle  
        Moody, AL 35004  
        (205) 837-3727

420-2017-01940

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | [ ] FEPA [X] EEOC | 420-2017-01940 |

and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Tiffeny Brittingham Gary | (205) 837-3227 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4005 Meadows Circle | Moody AL 35004 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Comcast | Over 15 | (205) 344-8031 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1451 Dr. Edward Hillard Drive Suite 100 Tuscaloosa AL 35401 | | Tuscaloosa |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)):

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] AGE
[X] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
Terminated 1/30/17

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for Respondent as a Sales Manager at its Xfinity store in Tuscaloosa Alabama. I reported to Ron Wilson, the Market Manager, based in Huntsville Alabama. During my employment Mr. Wilson subjected me to a sexually hostile work environment by using his position of power over me to get me to have a sexual relationship with him. Initially, Wilson forced himself on me (including subjecting me to unwanted gropes, grabs and kisses) until I eventually gave into his sexual demands. I gave in because when I did not, he treated me harshly, and I felt my job was threatened. When I submitted to his sexual demands, Wilson treated me better. Eventually in January 2017, I told Wilson that I no longer wanted to have a sexual relationship with him. Two weeks after I stopped the relationship, Mr. Wilson terminated me for allegedly violating the code of business conduct for allegedly harassing another female employee, whom I had only recently hired. The harassment allegations were false – all I was doing is telling her to do her job. When I was being terminated on the 30th, Mr. Wilson admitted he knew I did not harass her, but he was firing me anyway for allegedly violating the code of business conduct. When I asked Wilson what am I being fired for he you knew I did not harass her, and Wilson would not tell me. My termination by the harasser constitutes tangible employment action sexual harassment. I believe Mr. Wilson has also sexually harassed other females who fall under his control, and the company knows about it.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
Day, month, and year

RECEIVED
FEB 1 2017
E.E.O.C.

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Tiffiney Brittingham Gary<br>4005 Meadows Cr<br>Acmar, AL 35004 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2017-00990 | Michele R. Harris,<br>Investigator | (205) 212-2071 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  8/11/17
Delner Franklin-Thomas,              (Date Mailed)
District Director

Enclosures(s)

cc: Comcast Cable Communications Management, LLC
c/o Corey Goerdt, Esq.
FISHER & PHILLIPS, LLP
1075 Peachtree Street NE
Suite 3500
Atlanta, GA 30309

Tiffany Brittingham-Gary
c/o Jon C. Goldfarb
WIGGINS CHILDS PANTAZIS FISHER GOLDFARB
The Kress Building
301 - 19th Street North
Birmingham, AL 35203

EEOC Form 291 (11/09)

# MEMORANDUM

## RECOMMENDATION FOR CLOSURE

TO: Lashaunda Love, Enforcement Supervisor    CHARGE NO. 420-2017-00990

FROM: Michele Harris, Investigator

SUBJECT: Tiffany Brittingham Gary    v.    Comcast
*Charging Party*        *Respondent*

I recommend dismissal/closure of the subject charge based on the following:

- [ ] Failure to State a Claim
- [ ] No Covered ADA Disability
- [ ] Too Few Employees/Members
- [ ] Untimely
- [ ] Not Reasonable Cause
- [ ] Other
- [ ] Settlement/Mediation (Including withdrawals with benefits and successful conciliations)
- [ ] Withdrawal without Benefits
- [x] Right to Sue (issued on Request)
- [ ] Director must certify: processing unlikely to be completed within 180 days of filing (Title VII/ADA/GINA).

Specific information in support of recommendation/decision:

CP filed a charge of discrimination on Feb 1, 2017 the basis of Title VII, sex and retaliation. More than 180 days have lapsed since the charge was initiated. Through her attorney she has requested a right to sue.

Recommend case be dismissed due to request for right to sue by CP. Address has been verified.

Decision by/
Recommendation approved by _____
                                    (Signature)